UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANGELA LUMPKIN, et al, ) | CASE NO. 1:16cv1921 |
| ) | |
| PLAINTIFFS, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | |
| ) | MEMORANDUM OPINION |
| ) | |
| CHRIS COOK, Lorain Municipal Court ) | |
| Magistrate, et al, ) | |
| ) | |
| DEFENDANTS. ) | |

Plaintiffs, Angela Lumpkin and Ayana Hill, bring this civil rights action for damages against defendants, Lorain Municipal Court Magistrate Chris Cook, Lorain Municipal Court Bailiff Ron Bombeck, and Lorain Municipal Court Magistrate Bailiff "Cathy." The complaint alleges plaintiffs made an agreement on December 27, 2014 to lease a rental unit under Section 8 owned by Annette Harrington.[1] Because Harrington did not make certain repairs required to pass Lorain Metropolitan Housing Authority inspections, however, plaintiffs were unable to use their Section 8 voucher for the unit and could not afford the rent. Harrington filed an eviction action against Plaintiffs on July 10, 2015—*see Harrington v. Hill*, Lorain Municipal Court Case No. 2015 CVG 1551http://public.lorainmunicourt.org.—and plaintiffs were thereafter ordered to vacate. Plaintiffs' belongings were put outside the residence on August 28, 2015.[2] Some of those belongings were damaged or missing.

---

[1] Plaintiff does not bring suit or serve a summons on Annette Harrington, and she does not appear to be a party to this action. Furthermore, a private citizen generally cannot be sued for violating an individual's constitutional rights. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999).

[2] The Lorain Municipal Court docket reflects the eviction order was filed and issued on August 24, 2015.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[3] *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in [the] complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555 (citations omitted). The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009) (citations omitted). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Judicial officers are generally absolutely immune from civil suits for money

---

[3] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985) (citations omitted).

damages. *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997) (citing, among authority, *Mireles v. Waco*, 502 U.S. 9, 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)). This far-reaching protection is needed to ensure that the independent and impartial exercise of judgment is not impaired by the exposure of potential damages. *Barnes*, 105 F.3d at 1115 (citing *Mirles*, 502 U.S. at 10). For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is not performed in the judge's judicial capacity; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. Plaintiffs have not alleged facts indicating either of these criteria has been met in this case.

Further, judicial immunity extends to officers performing bailiff functions at the court's instruction. *Beckham v. City of Euclid, Ohio*, Case No. 1:14-cv-696, 2015 WL 9480682, at *6 (N.D. Ohio Dec. 29, 2015) (citing *Martin v. Hendren*, 127 F.3d 720 (8th Cir. 1997); *Robinson v. Freeze*, 15 F.3d 107 (8th Cir. 1994); *Dellenbach v. Letsinger*, 889 F.2d 755, 762 (7th Cir. 1989); *Haldane v. Chagnon*, 345 F.2d 601 (9th Cir. 1965); *Nabkey v. Gibson*, 923 F. Supp. 117, 121 (W.D. Mich. 1996)). Plaintiffs do not set forth allegations reasonably suggesting the defendant bailiffs acted in a manner outside the court's instructions.

Based on the foregoing, the request to proceed *in forma pauperis* is granted and this action is dismissed under § 1915(e). Further, the Court certifies, pursuant to 28 U.S.C.

§ 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: March 14, 2017

                                                  **HONORABLE SARA LIOI**
                                                  **UNITED STATES DISTRICT JUDGE**